

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 4 2016

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WALLACE WINSTON WARREN,       §
                              §
        Movant,               §
                              §
VS.                           §   NO. 4:16-CV-463-A
                              §   (NO. 4:14-CR-009-A)
UNITED STATES OF AMERICA,     §
                              §
        Respondent.           §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Wallace Winston

Warren ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, pertinent

parts of the record in Case No. 4:14-CR-009-A, styled "United

States of America v. Wallace Winston Warren," and applicable

authorities, the court has concluded that the motion is untimely

and must be dismissed.

I.

## Background

On January 15, 2014, movant was named in a one count

indictment charging him with being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 1. On

March 21, 2014, movant was rearraigned and pleaded guilty to the

charge against him. CR Doc. 24. Movant stipulated to a factual

---

[1]The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-009-A.

resume setting forth the elements of the offense, including that movant had received multiple felony convictions prior to the date he possessed the firearm. CR Doc. 23 at 1-2.

On July 11, 2014, movant was sentenced to a 120-month term of imprisonment, to be followed by a three-year term of supervised release. CR Doc. 34. The judgment was signed and entered that same date. CR Doc. 36. Movant did not appeal.

## II.

### Ground of the Motion

Movant states one ground in support of his motion, to wit:

Johnson Vs. United States/4 level enhancement has been knocked down from "violent felony"

As supporting facts, movant states:

Under the Johnson Vs. United States case the enhancement was knocked down from "Violent felony" that "involves conduct that presents a serious potential risk of physical injury to another." I received a 4 level enhancement on my offense level due to burglarys [sic] being considered a violent felony even though there was never any victims or people involved during said burgalarys [sic]. I received criminal history points for these burglarys [sic] plus a 4 level enhancement due to them being considered crimes of violence. This enhancement should be taken off.

Doc.[2] 1 at 4.

_____

[2]The "Doc." reference is to the number of the item on the docket in this civil action.

III.

Applicable Legal Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

3

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

IV.

<u>Analysis</u>

Movant's time for filing a motion to vacate, set aside, or

correct sentence has already expired. Thus, to pursue relief,

movant must show that <u>Johnson v. United States</u>, 135 S. Ct. 2551

(2015), has been made retroactively applicable to his case.

Specifically, section 2255 provides with regard to limitations:

> (f) A 1-year period of limitation shall apply to a
> motion under this section. The limitation period shall
> run from the latest of ---
>
>    (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review . . . .

28 U.S.C. § 2255(f)(3).

The Supreme Court has made abundantly clear that the

limitation period of § 2255 is to be strictly construed in

accordance with the words used by Congress. <u>Dodd v. United</u>

<u>States</u>, 545 U.S. 353, 359 (2005). And, that is so even if the

result is harsh. <u>Id.</u> See <u>Fierro v. Cockrell</u>, 294 F.3d 674, 684

(5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

The holding in <u>Johnson</u> is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. <u>Id.</u> And, in <u>Welch v. United States</u>, the Court reminded: "<u>Johnson</u> considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review." <u>Id.</u> at 1268.

The right announced in <u>Johnson</u> specifically pertains to 18 U.S.C. § 924(e)(2)(B)(ii). The statute at issue in movant's sentencing is 18 U.S.C. § 922(g)(1), a provision specifically not at issue in <u>Johnson</u>. The right asserted by movant is not "the right . . . [that] has been newly recognized by the Supreme Court and made retroactively applicable." Accordingly, § 2255(f)(3) does not apply and movant's motion is untimely.

The court further notes that movant's argument is based on the false contention that his four-level enhancement was based on

prior burglary convictions that should not count as crimes of violence. Doc. 1 at 4. The four-level increase was due to movant's possession of the firearm in connection with the possession of narcotics at the time of the offense for which he was convicted. CR Doc. 28 at 8. Movant did receive 3 criminal history points for a prior burglary conviction for burglary of a habitation but that does not have anything to do with "crime of violence." Even if the court wrongly applied the enhancement for specific offense characteristics or for prior criminal conduct, misapplication of the sentencing guidelines is not a claim cognizable under § 2255. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999). Thus, movant would not be entitled to relief even had his motion been timely.

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

6

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED June 14, 2016.

                                  _____
                                  JOHN McBRYDE
                                  United States District Judge

7